**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **ROBERT L PARK,** ) | |
|          **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No. 06-2197** |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
|          **Defendant.** ) | |

# REPORT AND RECOMMENDATION

In June 2006, Administrative Law Judge David W. Thompson (hereinafter "ALJ") denied social security disability insurance benefits (hereinafter "DIB") to Plaintiff Robert L. Park. The ALJ based his decision on findings that although Plaintiff suffered from a severe back impairment and did not retain the capability to perform past relevant work as a security guard or data entry clerk, he remained capable of performing several semi-skilled light work jobs that existed in significant numbers in the national economy.

In October 2006, Plaintiff filed a Complaint (#1) against Defendant Michael Astrue[1], the Commissioner of Social Security, seeking judicial review of the final decision by the Commissioner of the Social Security Administration (hereinafter "SSA") denying DIB. In April 2007, Plaintiff filed a Motion for Summary Judgment (#9) and in May 2007, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#11). After reviewing the administrative records and the parties' memoranda, this Court recommended that Plaintiff's Motion for Summary Judgment (#9) be denied. Consistent with that recommendation, the Court now recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion for an Order Which Affirms the Commissioner's Decision **(#11)** be **GRANTED**.

---

[1] Michael Astrue became Commissioner of the Social Security Administration on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he was substituted for Jo Anne Barnhart as Defendant in this suit.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 13th day of August, 2007

s/ DAVID G. BERNTHAL  
U.S. MAGISTRATE JUDGE
